FILED

JUN - 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tami Cole, | ) |
| | ) |
| | ) |
| | ) Case No.: |
| Plaintiff, | ) |
| | ) CASE NUMBER  1:06CV01036 |
| v. | ) |
| | ) JUDGE: Colleen Kollar-Kotelly |
| United States Capitol Police Board | ) |
| 119 D Street, N.E. | ) DECK TYPE: Employment Discrimination |
| Washington, DC 20510 | ) |
| | ) DATE STAMP: 06/■/2006 |
| | ) |
| Defendant. | ) |

JURY ACTION

**COMPLAINT**

**I.     Introduction**

This is a Complaint ("Complaint").  In this Complaint, Plaintiff asserts that the Employer has violated Sections 201(a) (1) and 207 of the Congressional Accountability Act ("CAA"), 2 U.S.C. Sections 1301(a) (1) and 1317, respectively, by subjecting her to sexual and gender-based harassment; a hostile work environment based on sex and gender; discriminatory treatment based on sex and gender; disparate treatment based on sex and gender: and reprisal for exercising her rights pursuant to the CAA.  The Defendant has done this primarily by acquiescing in, and failing to investigate, or otherwise take corrective action in response to the widespread distribution of written materials at the Plaintiff's workplace containing obscene, offensive and demeaning language directed at female sergeants in general and/or Plaintiff in particular; acquiescing in, and failing to take action, against the comments made by several of its employees to Plaintiff, indicating that they believed she was the target of the above-described written

1

materials; and initiating and/or taking disciplinary action against Plaintiff in whole or in part in response to such written materials. The Defendant also has engaged in discriminatory and disparate treatment against Plaintiff on the basis of her gender by failing to take disciplinary action against, or to reduce the performance appraisals of, similarly situated male employees. The defendant's retaliatory action against Plaintiff specifically includes initiating and/or taking disciplinary action against Plaintiff in whole or in part in response to her request that the Employer investigate the distribution of the above-described written materials at her workplace, and her otherwise speaking out against the harassment and discrimination she has suffered at her workplace. Moreover, given the pending discipline against Plaintiff in the form of a demotion in rank, the Defendant continues to subject her to a discriminatory, retaliatory and hostile work environment, in whole or in part in response to her initiating counseling at the Congressional Office of Compliance on or about December 14, 2006.

## NATURE OF THE ACTION

1. Plaintiff is a United States Capitol Police sergeant employed by Defendant U.S. Capitol Police Board ("the Employer") who has been subjected to discrimination in the form of sexual harassment, gender-based harassment and a hostile work environment, as well as disparate treatment and reprisal based on her gender, and in retaliation for her having requested an investigation of, and otherwise speaking out against, the obscene, demeaning and offensive written materials widely distributed at her workplace on or about July 21, 2005, and other discrimination and harassment she has suffered at her workplace. The widespread distribution of the above-described materials at Plaintiff's workplace, and the Employer's acquiescence in, and failure to investigate the widespread distribution of, these materials, and the Employer's other discriminatory and harassing treatment of Plaintiff, as described in this Complaint, is conduct

made unlawful by Section 201 of the CAA, 2 U.S.C. Section 1311. Plaintiff's requesting that her Employer investigate the widespread distribution of these materials at her workplace, and otherwise speaking out against this and other discriminatory and harassing conduct by the Employer, is therefore protected activity under Section 207 of the CAA, 2 U.S.C. § 1317. Plaintiff's contacting the Congressional Office of Compliance to initiate counseling in connection with these matters also constitutes protected activity under Section 207 of the CAA, 2 U.S.C. § 1317.

2. Section 201 of the CAA, 2 U.S.C. § 1311(a)(1), protects employees from any discrimination based on sex, within the meaning of Section 703 of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2.

3. Section 207 of the CAA, in 2 U.S.C. § 1317, protects employees from reprisals. The CAA mandates that it shall be unlawful for an employing office to intimidate, take reprisal against, or otherwise discriminate against, any covered employee because the covered employee has opposed any practice made unlawful by this Act, or because the covered employee has initiated proceedings, made a charge, or testified, assisted, or participated in any manner in a hearing or other proceeding under this Act.

## II. Jurisdiction and Venue

4. Jurisdiction is proper pursuant to 2 U.S.C. § 1408 of the CAA. In addition, jurisdiction is proper under 28 U.S.C. §1331.

5. Venue is proper in this Court pursuant to 28 U.S.C § 1391(b). Venue is proper in the District of Columbia because the acts and practices complained of herein occurred in the District of Columbia.

### III. Jury Demand

6. Plaintiff demands a trial by jury for his claim pursuant to 2 U.S.C. § 1408 of the CAA.

### IV. Parties

7. Plaintiff is a sergeant employed by the Defendant. Plaintiff is a covered "employee" under the CAA, 2 U.S.C. §§ 1301(3) (d).

8. Defendant is the United States Capitol Police Board, an "employing office" under the CAA, 2 U.S.C. § 1301(9) (d).

9. The Defendant is a collective, consisting of three officers of the United States Congress: the Architect of the Capitol, Alan M. Hantman: the Sergeant at Arms of the United States Senate, William H. Pickle; and the Sergeant at Arms of the United States House of Representatives, Wilson Livingood. Collectively, the Defendants, pursuant to 2 U.S.C. § 1301, are the "employing office" of United States Capitol Police officers.

### V. Definitions

10. As referred to in the Complaint, a "CP-534" is a command discipline citation used against officers of the United States Capitol Police in the disciplinary process.

11. As referred to in the Complaint, a "CP-535" is the most severe command discipline citation used against officers of the United States Capitol Police in the disciplinary process.

### VI. Exhaustion of Administrative Remedies

12. Plaintiff has exhausted her administrative remedies by completing counseling and mediation with the Congressional Office of Compliance as required by Section 1401 of the

CAA. Plaintiff files this Complaint on June 5, 2006, within 90 days of the receipt of the End of Mediation notice on March 6, 2006.

**VII.   Facts**

13.   Plaintiff Tami Cole ("Plaintiff" or "Sergeant Cole") has been employed as a United States Capitol Police officer since on or about July 27, 1992. During all times relevant to this Complaint, and continuing to the present, she has held the rank of sergeant.

14.   Prior to the incidents described in this Complaint, Sergeant Cole never received any proposed or actual disciplinary action on the job.

15.   On or about July 21, 2005, an anonymous letter titled "Letter To Anyone Who May Be Our Division Messiah" was found in all, or almost all, of the workplace mailboxes of the Senate Division employees of the U.S. Capitol Police, including the mailbox assigned to Sergeant Cole. The letter was signed only as "A Concerned Employee."

16.   The letter contains the following heading, at the upper left corner: "United States Capitol Police (Senate 3)." The body of the letter also makes explicit reference to "Senate Division 3." Sergeant Cole at that time worked in Senate Division 3.

17.   The letter, attached in its entirety as Exhibit A to this Complaint, states in part as follows: "We have a SGT who is a Black Widow spider on this division. She seems to be friendly only to those who possess a cock in between their legs." The letter also asks: "Will anything be done?"

18.   On or about July 21, 2005, a second letter, titled, "Dear Fallen Angel" was found in all, or almost all, of the workplace mailboxes of the Senate Division employees of the U.S. Capitol Police, including the mailbox assigned to Sergeant Cole. The letter was signed by "Senate Command Staff."

19. The body of the letter, attached in its entirety as Exhibit B to this Complaint, states as follows: "Dear Fallen Angel, We heard your call. The first item is being addressed, the second item is being monitored, and the third item has changed and will probably change again in a few weeks. Thanks for the positive comments and the acknowledgment of work." The letter is signed as follows: "Senate Command Staff, July 21, 2005, 1924 hours."

20. On or about July 21, 2005, approximately 1500 employees, consisting of officers and managers, of the United States Capitol Police, received copies of the letters described in paragraphs 15 through 19, above, and thereby became privy to their contents.

21. On or about July 21, 2005, Sergeant Cole found copies of both letters described in paragraphs 15 through 19, above, in her workplace mailbox. On that day and over the next several days, many of her colleagues throughout the United States Capitol Police force, including employees in both in the Senate and the House Divisions, told her either in person or in telephone calls that they had seen the letters and asked her about them. Through these conversations and others, Sergeant Cole became aware of widespread, persistent rumors at her workplace that the letters referred to her, and specifically, that the first letter's reference to "a SGT who is a Black Widow spider" who "seems to be friendly only to those who possess a cock in between their legs" was a reference to her.

22. The Defendant failed to gather and destroy all copies of the first letter, signed "A Concerned Employee."

23. The Defendant failed to gather and destroy any copies of the second letter, signed by "Senate Command Staff."

24. During the period beginning July 26, 2005, through approximately August 8, 2005, Sergeant Cole directly approached several United States Capitol Police management

6

officials to express her great embarrassment and humiliation at learning that she was widely rumored to be the subject of the letters described above, and requested that her Employer conduct an investigation into the authorship and distribution of the letters.

25. For example, on or about July 26, 2005, Sergeant Cole questioned Sergeant Michael A. Schmidt of her Employer's Internal Affairs Division ("IAD" or "IA") about IA's intentions regarding the letter signed by "A Concerned Employee." Sergeant Schmidt told her that IA was not going to investigate the letter, but that the Senate Command Staff would conduct an investigation.

26. Also on or about July 26, 2005, Sergeant Cole met with Captain Sandra Coffman of the Senate Division Command Staff. Sergeant Cole asked Captain Coffman at this meeting about the investigation into the letter signed by "A Concerned Employee." In response, Captain Coffman told Sergeant Cole that the Senate Command Staff was not going to be investigating the letters, because IAD was handling the investigation.

27. On or about August 1, 2006, Sergeant Cole approached Inspector Ferdinal P. Rogers to ask him about an investigation into the "Concerned Employee" letter. Inspector Rogers told Sergeant Cole that it would take too much time to determine if the letter was on a Senate Division computer and to interview officers, and that the "department isn't going to spend the time or money trying to find out who wrote the letter."

28. On or about August 8, 2006, Sergeant Cole told Sergeant Schmidt that she was disheartened that IA would not be investigating the "Concerned Employee" letter. He simply replied, "I know."

29. To date, Sergeant Cole has received no further communication from any United States Capitol Police management officials regarding a possible investigation of, or any other corrective action, regarding the letters.

30. To date, the Defendant has failed to investigate either or both letters described above.

31. To date, the Defendant has failed to communicate to its employees that these letters will not be tolerated at the United States Capitol Police workplace.

32. To date, the Defendant has failed to take any effective corrective action in response to the letters.

33. The Defendant has, however, taken proposed and actual disciplinary actions against Sergeant Cole following her contacts with its management officials to complain about the letters. These actions have been motivated in whole or in part by Sergeant Cole's complaints about the letters.

34. On October 4, 2005, Sergeant Cole receives a notice of Command Discipline involving a CP-534 with a proposed loss of time penalty for an alleged violation under United States Capitol Police Directive PRF 1.3, Rules of Conduct, Rule A-3 – Compliance with Directives – General Order 2112 - and recommended disciplinary action to be coordinated through Disciplinary Review Officer William H. Emory for an alleged violation under Operative Directive PRF 1.3, Rules of Conduct, Rule A-7 – Truthfulness.

35. United States Capitol Police General Order 2112 requires officers to report to their commanding officer(s) any interpersonal relationships with subordinates that have the potential to create a conflict of interest.

36. On October 28, 2005, Sergeant Cole appealed the CP-534 command discipline issued on October 4, 2005.

37. On October 29, 2006, then Chief Terrance W. Gainer of the United States Capitol Police denied Sergeant Cole's appeal of the CP-534 command discipline issued on October 24, 2005.

38. Sergeant Cole suffered a penalty of 24 hours' forfeited leave as a result of the CP-534 command discipline imposed on October 4, 2005.

39. On or about November 14, 2005, Sergeant Cole receives a Notice of Command Discipline CP-535 with recommended demotion as a penalty for an alleged violation under United States Capitol Police Directive PRF 1.3, Rules of Conduct, Rule A-7 – Truthfulness, and recommended disciplinary action to be coordinated through Disciplinary Review Officer William H. Emory for an alleged violation under Operative Directive PRF 1.3, Rules of Conduct, Rule A-7 – Truthfulness.

40. On or about December 12, 2005, Sergeant Cole requests a United States Capitol Police Disciplinary Review Board Hearing to appeal both the charge and the penalty contained in the Notice of Command Discipline CP-535, issued on or about November 14, 2005. The Disciplinary Review Board proceedings currently are pending.

41. Other tangible discriminatory employment actions suffered by Sergeant Cole include her September 2005 performance appraisal, covering the Fiscal Year 2005 appraisal period, in which management officials rated her lower than "Outstanding" for the first time.

42. Similarly situated, male United States Capitol Police officers have had, and in some instances, continue to have, interpersonal relationships with subordinates, which have the potential to create a conflict of interest. Many, if not all, of these male officers have failed to

report these relationships as required by General Order 2112. The Defendant knows of many such relationships involving male officers, and has failed to propose or impose any discipline against these officers.

43. On or about December 14, 2005, Sergeant Tami Cole contacted the Congressional Office of Compliance to request counseling in connection with the allegations contained in this Complaint (Office of Compliance Case No. 06-CP-21 (CV, RP)). Having exhausted her administrative remedies as described in paragraph 12, above, Sergeant Cole now files this Complaint seeking relief.

**COUNT I: CAA SECTION 201 (SEXUAL HARASSMENT/ HOSTILE WORK ENVIRONMENT)**

Plaintiff hereby incorporates paragraphs 1- 43, above, by reference.

44. The activities described in paragraph 1-43, above, in this Complaint, constitute sexual harassment and a hostile work environment for Sergeant Cole and other female sergeants serving in the United States Capitol Police force.

45. The effect of the unlawful employment practices and actions taken as set forth above has been to deprive the Plaintiff of promotional opportunities, benefits and privileges and otherwise adversely affect and alter the terms and conditions of employment for Plaintiff.

46  As a direct and proximate cause of the actions set forth above, the Plaintiff has suffered and continues to suffer damages, including pain, suffering, damage to professional reputation, attorney fees and other damages.

## COUNT II: CAA SECTION 201 (GENDER-BASED HARASSMENT AND DISPARATE TREATMENT)

Plaintiff hereby incorporates paragraphs 1- 43 above, by reference.

47. The disciplinary actions described in this Complaint were pretextual, and were instituted in violation of the prohibition against discrimination against employees on the basis of sex.

48. There is a direct and proximate nexus between Plaintiff's sex (female) and the Defendant's pretextual disciplinary actions against Plaintiff.

49. The effect of the unlawful employment practices and actions taken as set forth above has been to deprive the Plaintiff of promotional opportunities, benefits and privileges and otherwise adversely affect and alter the terms and conditions of employment for Plaintiff.

50. As a direct and proximate cause of the actions set forth above, the Plaintiff has suffered and continues to suffer damages, including, but not limited to attorney fees and other damages.

## COUNT II: CAA SECTION 201 (RETALIATION)

Plaintiff hereby incorporates paragraphs 1- 43, above by reference.

51. The activities described in Paragraph 1-43 in this Complaint were instituted in violation of the prohibition on reprisals against employees that have engaged in protected activity, as defined under the CAA.

52 The upper management of the Defendant, as described above, has reprised against the Plaintiff for complaining against conduct made unlawful by the CAA.

11

33. There is a direct and proximate nexus between Plaintiff's participation and use of the Congressional Office of Compliance, federally protected activities, and the Defendant's unlawful treatment of Plaintiff.

34. The effect of the retaliatory employment practices and actions taken as set forth above was to deprive the Plaintiff of promotional opportunities, benefits and privileges and otherwise adversely affect and alter the terms and conditions of employment for Plaintiff.

35. As a direct and proximate cause of the actions set forth above, the Plaintiff has suffered and continues to suffer damages, including, but not limited to, attorney fees and other damages.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this honorable Court grant them the following relief:

1. A Declaration that the Defendant has violated Sections 201 and 207 of the CAA;

2. Direct the Defendant to expunge all records reflecting, referring or relating to any investigation or investigations of Plaintiff by the Defendant, in connection with the incidents referred to in this Complaint, including all records reflecting, referring or relating to the "CP 534" and/or "CP 535" specified in this Complaint; all records reflecting, referring or relating to DRB proceedings in these matters; and all records of any other contemplated, pending or proposed disciplinary action against Sergeant Cole in connection with the incidents referred to in this Complaint;

3. Direct the Defendant to restore to Plaintiff the 24 hours' leave she was penalized in connection with the incidents described in this Complaint;

4.     Direct the Defendant not to proceed with the pending Disciplinary Review Board proceedings against the Plaintiff;

5.     Bar the Defendant from taking any future disciplinary action against Plaintiff on the basis of the disciplinary or other records described or referenced in Paragraphs 1 through 4 of this Prayer for Relief, above. Further, bar the Defendant from taking into account in any future penalty assessment against Plaintiff, the disciplinary or other records described or referenced in Paragraphs 1 through 4 of this Prayer for Relief;

6. Direct the Defendant to expunge all records reflecting, referring or relating to Plaintiff's September 2005 Performance Appraisal, covering the Fiscal Year 2005 appraisal period; and to replace it with a new Performance Appraisal for Plaintiff, covering the Fiscal Year 2005appraisal period, which justifies and records a rating of "Outstanding";

7.     Direct the Defendant to make Plaintiff whole for any and all job benefits lost as a result of the Defendant's conduct as described in this Complaint; and

8.     Direct the Defendant to pay the Plaintiff compensatory damages in an amount to be determined at trial for damage to professional reputation, suffering, mental anguish and humiliation, embarrassment, emotional pain, inconvenience, and other pecuniary and non-pecuniary losses pursuant to 2 U.S.C. Sections § 1311(b) and 1317(b) of the CAA, resulting from the Defendant's prohibited employment actions of discrimination, harassment, disparate treatment, hostile work environment and reprisal against Plaintiff;

9.     Reasonable attorney fees and costs; and

10.    Such other relief as this Court deems just.

                                              Respectfully submitted,

                                              Cheryl Polydor, D.C. Bar # 454066
                                              1990 M Street, N.W. Suite 610
                                              Washington, D.C. 20036
                                              (202) 955-1100

                                              *Attorney for Plaintiff*

Dated: June 5, 2006

# EXHIBIT A

**United States Capitol Police (Senate 3)**

CAPITOL POLICE
INTERNAL AFFAIRS DIVISION
05 JUL 22 AM 9: 35

July 21, 2005

To Anyone Who May Be Our Division Messiah:

First, I would like to apologize if anyone is offended by the contents of this letter. Second, I will attempt to display my plethora of complaints in a short and concise matter. Finally, I want to challenge our department's managerial skills in rectifying many of these issues. Due to time constraints, there will be many issues not discussed, but I am confident that other responsible officers will bring it to the divisions attention!

There was a time when working on Senate Division 3 was enjoyable or for some tolerable. Now it is miserable! We have a SGT who is a Black Widow spider on this division. She seems to be friendly only to those who possess a cock in between their legs. She allegedly has a boyfriend under her supervision and she shows preferential treatment to him as well as her weekend subordinates she bunks with at Ocean City, bars, nightclubs and allegedly Aruba. This is a slap in the face to see such behaviors occurring right in our face. Will anything be done? Probably not! I once heard she was under investigation, but I sure that is a rumor too. She spends countless hours on the job sitting on her alleged boyfriend's post. Where is the supervision? Do I need to display names? We all know who these people are. I hope that this letter reaches our role calls so that these above-mentioned employees can see how their peers really feel about them. Because I am not in her web of super-friends i.e. the surf, alleged boyfriend and her other drunken buddies I am afraid she will punish everybody because someone mentioned her irresponsible arrogance.

Now we have Sgt. Supercop! When did he earn strips to give me orders? We are the same rank. He was just born before me, which gives him seniority. He is a lawsuit or an explosion away from hurting someone. Hello has anyone heard of vicarious liability? Please address his behavior or just tell him to take the Sgt.'s exam.

Now I know what I want to be in life. A Clerk! These clerks are untouchables. Mr. Elliot Nest would roll over in his grave if he saw what they get away with. They come and go as they please. They disrespect officers over the telephone. Even the guys are PMSing. My personal beliefs are clerks should stay for the remainder of the shift. How can you possibly justify working a SD2 officer 16 hrs and the clerk leaves before them. Dam I know why there is a waiting line to become a clerk. I do not like to leave things on a negative note so I do like to give praise to Sergeants King, Davis, Harper and to those I may have forgotten. Thanks for being a star amidst clouds. Last be not least, Inspector Rogers keep up the good work. It is appreciated!

A Concerned Employee

06 1036

**FILED**

JUN - 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT B**

"There are only two ways of telling the complete truth--anonymously and posthumously."
Thomas Sowell (1930 - )

Dear Fallen Angel,

We heard your call. The first item is being addressed, the second item is being monitored, and the third item has changed and will probably change again in a few weeks.
Thanks for the positive comments and the acknowledgment of work.

                                      Senate Command Staff
                                      July 21, 2005
                                      1924 hours

06 1036
FILED
JUN - 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT