# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Tami Cole,                   *

                         *

       Plaintiff,          *      Case No.: 1:06CV01036

                         *

                         *      Judge:  Colleen Kollar-Kotelly

                         *

U.S. Capitol Police Board,    *

                         *

       Defendant.        *

                         *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant, the Capitol Police Board, by and through the undersigned counsel, hereby files this Answer to the above-captioned Complaint.

**A.**     **General Denials**

     1.      Defendant denies each and every allegation of discrimination and retaliation contained in the Complaint.

     2.      By admitting or denying the underlying factual allegations of the Complaint, Defendant does not admit to the truthfulness of Plaintiff's characterizations or conclusions.

**B.**     **Specific Answers**

**Introduction**

Defendant admits the first sentence of the Complaint Introduction.

Defendant denies that it violated Sections 201(a)(1) and 207 of the Congressional Accountability Act ("CAA"), 2 U.S.C. Sections 1301(a)(1) and 1317, or that it subjected Plaintiff to sexual and gender-based harassment, a hostile work environment based upon

sex and gender, discriminatory treatment based on sex and gender, disparate treatment based on sex and gender, or reprisal for exercising her rights pursuant to the CAA, as stated in the second sentence of the Complaint Introduction.

Defendant denies that it has acquiesced in, failed to investigate, or otherwise failed to take corrective action in response to an alleged widespread distribution of written materials at the Plaintiff's workplace containing obscene, offensive and demeaning language allegedly directed at female sergeants in general or Plaintiff in particular, as stated in sentence three of the Complaint Introduction.

Defendant further denies that it acquiesced in, or failed to take action against comments allegedly made by several employees to Plaintiff, and Defendant denies that it initiated and/or took disciplinary action against Plaintiff, in whole or in part, in response to written material referred to in sentence three of the Complaint Introduction.

Defendant denies that it engaged in discriminatory and disparate treatment against Plaintiff on the basis of her gender by failing to take disciplinary action against, or to reduce the performance appraisals of, allegedly similarly situated male employees as stated in sentence four of the Complaint Introduction.

Defendant denies that it took retaliatory action against Plaintiff, or that such action included the initiation and/or taking of disciplinary action against Plaintiff, in whole or in part, in response to her request that the Employer investigate the distribution of the written materials referred to in sentence three of the Complaint Introduction, or in response to Plaintiff's alleged speaking out against harassment and discrimination allegedly suffered in the workplace, as stated in sentence five of the Complaint Introduction.

Defendant denies that the pending disciplinary action against Plaintiff in the form of a demotion of rank, subjects Plaintiff to a discriminatory, retaliatory and/or hostile work environment in whole or in part, to her initiating counseling with the Office of Compliance on or about December 14, 2005, as stated in sentence six of the Complaint Introduction.

Defendant's answers to each specifically numbered allegation set forth in the Complaint follow:

1.      Defendant admits that Plaintiff is a United States Capitol Police Sergeant, but denies that she is employed by the Capitol Police Board.  Rather, Plaintiff is employed by the United States Capitol Police.  The Capitol Police Board is the employing office for purposes of the Congressional Accountability Act.  Defendant denies the remainder of the first sentence of Paragraph 1 of the Complaint.  Defendant denies the allegations of the second sentence of Paragraph 1 of the Complaint.  Defendant denies that Plaintiff engaged in the protected activity alleged in the third sentence of Paragraph 1 of the Complaint.  The fourth sentence of Paragraph 1 of the Complaint is a legal conclusion to which no response is required.

2.      Paragraph 2 is a legal conclusion to which no response is required.

3.      Paragraph 3 is a legal conclusion to which no response is required.

4.      Defendant admits that jurisdiction is proper pursuant to 2 U.S.C. § 1408 of the CAA and 28 U.S.C. § 1331 but only for those matters where administrative remedies have been exhausted.  Defendant admits that jurisdiction is proper for some claims and denies that jurisdiction is proper for some claims.

5.      Defendant denies that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).  Paragraph 5 sentence two is a legal conclusion to which no response is required.

6.      Complaint Paragraph 6 is a demand for relief to which no response is required.  Defendant is without sufficient information as to "his claim" to which plaintiff is referring.

7.      Defendant denies that Plaintiff is employed by the Defendant as stated in the first sentence of Complaint Paragraph 7.  Defendant admits the allegations of the second sentence of Complaint Paragraph 7.

8.      Defendant admits the allegations of Complaint Paragraph 8 except that the employing office is the "Capitol Police Board" not the "United States Capitol Police Board" pursuant to 2 U.S.C. § 1301(3)(d).

9.      Defendant is without sufficient information to admit or deny Plaintiff's allegation that "Defendant is a collective."  Defendant admits that the three officers named in Complaint Paragraph 9 are members of the Capitol Police Board, but denies that the Capitol Police Board consists solely of these individuals.  Defendant admits that the Capitol Police Board is the employing office of U.S. Capitol Police officers pursuant to 2 U.S.C. § 1301.

10.      Defendant admits that the CP-534 is a command discipline form used to track discipline, but denies that it is a "citation" "used against officers."

11.      Defendant admits that the CP-535 is a command discipline form used to track the most severe forms of discipline, but denies that it is a "citation" "used against officers."

12.     Defendant denies the allegation that Plaintiff has exhausted administrative remedies with respect to all claims in her Complaint as stated in the first sentence of Complaint Paragraph 12.  Upon information and belief, Defendant admits the second sentence of Paragraph 12.

13.     Defendant admits the first sentence of Complaint Paragraph 13. Defendant admits that Plaintiff currently holds the rank of Sergeant with the U.S. Capitol Police.  Defendant is without sufficient knowledge to admit or deny that Plaintiff was a sergeant "at all times relevant to the Complaint."

14.     Defendant admits the allegations of Complaint Paragraph 14.

15.     Defendant admits that, on July 21, 2005, an anonymous letter was found in some of the workplace mailboxes of some Senate Division employees of the U.S. Capitol Police.  Defendant is without sufficient information to admit or deny that the letter was found in the mailboxes of "all or almost all" Senate Division employees of the U.S. Capitol Police.  Defendant is without sufficient information to admit or deny that the letter was found in the mailbox assigned to Plaintiff.  Defendant admits that the words, "A Concerned Employee" were placed at the end of the anonymous letter.

16.     Defendant admits the allegations of Complaint Paragraph 16.

17.     Defendant admits that a copy of what appears to be the letter is attached to the Complaint as Exhibit A, and that the language set forth in Complaint Paragraph 17 is part of the text of the letter.

18.     Defendant admits that, on or about July 21, 2005, another letter containing the words, "Dear Fallen Angel," was in some workplace mailboxes of U.S. Capitol Police Senate Division employees.  Defendant is without sufficient information to admit

or deny that the letter referred to in Complaint Paragraph 18 was "found in all or almost all, of the workplace mailboxes of Senate Division employees of the U.S. Capitol Police, including the mailbox assigned to Sgt. Cole." Defendant admits that the words, "Senate Command Staff" were at the end of the letter.

19.     Defendant admits that a copy of what appears to be the letter referred to in Complaint Paragraph 19 is attached to the Complaint as Exhibit A, and that the language set forth in Complaint Paragraph 19 is the text of the letter.

20.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 20 of the Complaint.

21.     Defendant is without sufficient knowledge to admit or deny the allegations in Complaint Paragraph 21.

22.     Defendant is without sufficient knowledge to admit or deny the allegations in Complaint Paragraph 22.

23.     Defendant denies the allegations of Complaint Paragraph 23.

24.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 24.

25.     Defendant admits the allegations of Complaint Paragraph 25.

26.     Defendant admits the allegations of Complaint Paragraph 26.

27.     Defendant admits the allegations of Complaint Paragraph 27.

28.     Defendant denies the allegations of Complaint Paragraph 28.

29.     Defendant denies the allegations of Complaint Paragraph 29.

30.     Defendant denies the allegations of Complaint Paragraph 30.

31.     Defendant denies the allegations of Complaint Paragraph 31.

32.     Defendant denies the allegations of Complaint Paragraph 32.

33.     Defendant admits that it has taken proposed and actual disciplinary action against Plaintiff.  Defendant denies that the proposed and actual disciplinary action taken against Plaintiff "have been motivated in whole or in part by Sergeant Cole's complaints about the letters."

34.     Defendant admits that Plaintiff received a CP-534 notice of command discipline with a recommended penalty of loss of 24 annual leave hours as a penalty for a violation of USCP Directive PRF 1.3, Rules of Conduct, Rule A-3 – Compliance with Directives – General Order 2112.  Defendant denies that the CP-534 notice of command discipline was issued to Plaintiff on October 4, 2005, or that the CP 534 notice of command discipline included "recommended disciplinary action to be coordinated through Disciplinary Review Officer William H. Emory for an alleged violation under Operative Directive PRF 1.3, Rules of Conduct, Rule A-7 – Truthfulness."

35.     Defendant admits the allegations of Complaint Paragraph 35.

36.     Defendant admits that Plaintiff appealed the CP-534 notice of Command Discipline on October 28, 2005, but denies that the CP-534 Command Discipline was issued on October 4, 2005.

37.     Defendant admits that Chief Terrance W. Gainer denied Sgt. Cole's appeal of the CP-534 Command Discipline, but denies that the appeal was denied on November 29, 2005, or that the CP-534 notice of Command Discipline was issued on October 24, 2005.

38.     Defendant admits that Plaintiff was issued a CP-534 notice of Command Discipline and was required to forfeit 24 annual leave hours as a penalty for her

misconduct.  Defendant denies that Plaintiff "suffered," or that the CP-534 notice of

Command Discipline was imposed or issued on October 4, 2005.

39.    Defendant admits that, on or about November 14, 2005, Plaintiff received

a memorandum from Disciplinary Review Officer, William Emory, informing her of his

recommendation that her Internal Affairs case should be processed as Category A: Duty

to Obey, Rule A-7: Truthfulness in accordance with General Order 2112, Request for

Disciplinary Action (CP-535), reduction in rank.

40.    Defendant admits the allegations of Complaint Paragraph 40.

41.    Defendant denies that Plaintiff suffered "tangible discriminatory

employment actions," or that her September 2005 performance appraisal was

discriminatory.  Defendant also denies that the September 2005 performance appraisal

was the "first time" that USCP "management officials rated her lower than

'Outstanding'."

42.    Defendant is without sufficient information to admit or deny the

allegations in sentences one and two of Complaint Paragraph 42.  Defendant denies the

allegations of sentence three of Paragraph 42.

43.    Defendant admits that Sergeant Cole requested counseling on or about

December 14, 2005, but denies that Plaintiff requested counseling "in connection with"

all allegations contained in this Complaint.  Defendant denies that Plaintiff has exhausted

administrative remedies in connection with all allegations made in this Complaint.

Defendant incorporates its previous responses to paragraphs 1-43.

44.    Defendant denies the allegations in Complaint Paragraph 44.

45.    Defendant denies the allegations in Complaint Paragraph 45.

46.    Defendant denies the allegations in Complaint Paragraph 46.

Defendant incorporates its previous responses to paragraphs 1-46.

47.    Defendant denies the allegations in Complaint Paragraph 47.

48.    Defendant denies the allegations in Complaint Paragraph 48.

49.    Defendant denies the allegations in Complaint Paragraph 49.

50.    Defendant denies the allegations in Complaint Paragraph 50.

Defendant incorporates its previous responses to paragraphs 1-50.

51.    Defendant denies the allegations in Complaint Paragraph 51.

52.    Defendant is without sufficient information as to who Plaintiff means by "upper management" and denies the allegations in Complaint Paragraph 52.

53.    Defendant denies the allegations in Complaint Paragraph 53 (mis-numbered as Paragraph 33).

54.    Defendant denies the allegations in Complaint Paragraph 54 (mis-numbered as Paragraph 34).

55.    Defendant denies the allegations in Complaint Paragraph 55 (mis-numbered as Paragraph 35).

### (PLAINTIFF'S PRAYER FOR RELIEF)

1.    Defendant denies that Plaintiff is entitled to the relief requested in Paragraphs 1-10 of Plaintiff's Prayer for Relief, or to any other relief.

### <u>AFFIRMATIVE DEFENSES</u>

1.    Plaintiff fails to state claims for which relief may be granted.

2.    Plaintiff cannot establish a *prima facie* case of discrimination.

3.    Plaintiff cannot establish a *prima facie* case of retaliation.

4.      Plaintiff's claims are barred by the doctrine of unclean hands.

5.      Plaintiff has failed to exhaust administrative remedies with respect to some of her claims.

6.      Some of Plaintiff's claims are barred because Plaintiff failed to raise them during counseling and/or mediation.

Respectfully submitted,

_____

Scharon L. Ball[1]
Frederick M. Herrera - D.C. Bar No. 423675
Attorneys for Defendant
Capitol Police Board
119 D Street, N.E.
Washington, DC  20510
(202) 593-3336

_____

[1] Ms. Ball appears in this Court on behalf of the Capitol Police Board pursuant to the authority provided by Congress in PL 108-83 § 1002(a) and L.Cv.R. 83.2(e).

-10-